UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff*,

    *vs*.	Case No. 18-CR-188 (JPS)

HOLLY ARNOLD,

    *Defendant*.

# MOTION TO ADJOURN TRIAL AND SET NEW PRETRIAL MOTION DEADLINE

Holly Arnold, by counsel, moves to adjourn the trial date, vacate the trial scheduling order, and for the Court to set a new pretrial motion deadline of Friday, November 16, 2018. In support, counsel states as follows:

1. On September 25, 2018, Ms. Arnold was charged in a one-count indictment alleging she failed to update her registration as required under the Sex Offender Registration and Notification Act. She made her first appearance and pled not guilty on September 27, 2018. The Court set a trial schedule, including a trial date (December 3, 2018) along with trial-related deadlines, and a deadline to file plea agreements (November 13, 2018). At the same time, Magistrate Judge

David Jones also issued a pretrial motion scheduling order, requiring all motions to be filed by October 12, 2018.

2. Discovery in this case was produced on October 3, 2018. Defense counsel reviewed the discovery, which consists of approximately 400 pages of reports and records, as well as a post-arrest statement. The government's case against Ms. Arnold can be briefly summarized. In January 2011, she was convicted of conspiracy to commit sex trafficking of a minor. She was a prostitute, who had been working under a pimp named Amani Booker. Booker found another prostitute and ordered that she and Arnold work together. They did one or two "dates" together before they were stopped by police. The other prostitute turned out to be a 14-year old runaway. Arnold was convicted of a reduced charge (conspiracy) and sentenced to one year and one day (just short of time served). Her conviction required her to register as a sex offender for 10 years.

3. Sex offenders in Wisconsin are required to comply with the Wisconsin Sex Offender Registry, run by the Department of Corrections ("SORP"). Federal law makes it a crime for a sex offender to fail to register or fail to update their registration. 18 U.S.C. § 2250. The confluence of these two laws makes it a federal crime when people violate a state law.

2

Federal Defender Services
of Wisconsin, Inc.

4. Sometime around January 2016, Ms. Arnold moved to 2734 N. 39th Street in Milwaukee. She updated her new address with SORP. On September 7, 2016, SORP sent Ms. Arnold a registration confirmation letter to the 39th Street address. That letter was returned to SORP by the United States Postal Service as undeliverable. It had a postal label stating, "Moved Left No Address." Another letter was sent on September 21, 2016 to the 39th Street address. It was returned with the same label. SORP sent another letter to Ms. Arnold at her 39th Street address on November 15, 2016. That too was returned a few days later as undeliverable, with the same label indicating that Arnold had moved and provided no forwarding address. Finally, SORP sent a letter on December 30, 2016. It was returned to sender as undeliverable with the same label. In December, SORP also sent an email to an email address Ms. Arnold had provided. However, it wasn't sent to the email address that Ms. Arnold had most recently used to communicate with SORP. Additionally, in February 2017, a residence check was completed by a Deputy United States Marshal and Milwaukee Police officer. The record of that residence check indicates that there was no answer at the door and a "flyer" was left.

5. Despite the fact that the Postal Service returned the letters to SORP and indicated that Ms. Arnold had moved and left no forwarding address, Ms.

3

Federal Defender Services
of Wisconsin, Inc.

Arnold had not moved. In fact, she still resides at the 39th Street address. It is unknown why Ms. Arnold's mail had been returned to sender.

6. Wisconsin statutes require sex offenders to update their address with the sex offender registry if offenders move. Wis. Stat. § 301.45(4). Wisconsin law also requires offenders to "notify the department once each calendar year, as directed by the department, of his or her current information." Wis. Stat. § 301.45(3)(b). With respect to this annual notification, the statutes provide that SORP "shall annually notify registrants of their need to comply with this requirement." *Id*.

7. Over the past couple weeks, counsel for the defendant has consulted with counsel for the government, Assistant United States Attorney Megan Paulson. Counsel for Ms. Arnold has understood the government's position to be that as a registered sex offender, Ms. Arnold has an obligation to notify SORP of her current information whether she's notified by SORP or not.[1] Arnold disagrees, and would like to file a motion to dismiss the indictment against her for failing to state an offense, as the undisputed facts fail to allege conduct that falls under 18 U.S.C. § 2250. *See United States v. Risk*, 843 F.2d 1059, 1061 (7th Cir. 1988) (Courts have

---

[1] AUSA Paulson has represented to counsel, in writing, that this mischaracterizes the prosecution's views on Ms. Arnold's registration requirements. The defense has repeatedly asked the government, if it believes that the defense has mischaracterized its position, to clarify what steps it believes Ms. Arnold was required to take under the circumstances of this case. The government has not responded to those requests.

4
Federal Defender Services
of Wisconsin, Inc.

Case 2:18-cr-00188-JPS-DEJ   Filed 11/07/18   Page 4 of 7   Document 10

authority to dismiss an indictment where the government's own facts simply do not conform to the allegations in the indictment).

8. But even if the government's view, or at least what the defense understands the government's view to be, is correct, and Ms. Arnold has an obligation to notify the registry once a year of her current information even if not so notified or prompted by SORP, the government must demonstrate that Ms. Arnold's failure to meet this obligation was done knowingly. *See Carr v. United States*, 560 U.S. 438, 449 (2010) (§ 2250 requires the government to prove that the defendant *knowingly* failed to register). So if Ms. Arnold *forgot* to meet a registration requirement, she can't be convicted.

9. Records from Ms. Arnold's 2010 case reflect that she has a history of memory problems. Defense counsel has additional independent reasons to believe that Ms. Arnold has memory problems and cognitive limitations. Given those concerns, and the fact that a deficiency in Ms. Arnold's memory or cognition may be a defense to the crime charged, defense counsel has an obligation to explore this issue and have his client examined by a specialist. *See U.S. ex rel. Newman v. Rednour*, 917 F. Supp. 2d 765, 776 (N.D. Ill. 2012) (calling it "well established" that defense counsel provides ineffective assistance of counsel "when he or she receives reliable information about a history of mental deficiencies but fails to investigate

5

Federal Defender Services
of Wisconsin, Inc.

the matter."); *see also Brown v. Sternes*, 304 F. 3d 677, 693 (7th Cir. 2002) ("Attorneys have an obligation to explore all readily available sources of evidence that might benefit their clients."). Unfortunately, the defense will not be able to do so under the Court's current scheduling order.

10. Defense counsel has consulted with AUSA Paulson regarding the defense's request. AUSA Paulson indicated that the government opposes any continuance in the matter. Defense counsel believes that the envisioned motion to dismiss could be prepared relatively quickly, and thus asks for a motion deadline to be set for next week, Friday November 16, 2018. As to the other dates, the defense proposes that the Court vacate the current trial schedule, and wait until the motions are resolved to reset a new trial scheduling order.

11. Finally, for speedy trial purposes, on behalf of Ms. Arnold, defense counsel waives any time between the date of the present motion and the resolution of the defense's planned motion to dismiss.

Dated at Milwaukee, Wisconsin, this 7th day of November, 2018.

Respectfully submitted,

*/s/    Joshua D. Uller*
Joshua D. Uller, Bar No. 1055173
FEDERAL DEFENDER SERVICES
    OF WISCONSIN, INC.
517 E. Wisconsin Avenue, Room 182
Milwaukee, Wisconsin 53202

6

Federal Defender Services
of Wisconsin, Inc.

Telephone: 414-221-9900
Fax: 414-221-9901
E-mail: Joshua_uller@fd.org

*Counsel for Defendant*, Holly Arnold

7

Federal Defender Services
of Wisconsin, Inc.